**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARCELINO VARGAS,** | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 5:20-cv-01289** |
| **VS.** | § | |
| | § | **JURY TRIAL REQUESTED** |
| **CML SECURITY, LLC; MEMCO,** | § | |
| **INC.; SUNDT CONSTRUCTION, INC.;** | § | |
| **AND W.G. YATES & SONS** | § | |
| **CONSTRUCTION CO.,** | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendant CML SECURITY, LLC (hereinafter "Defendant"), files this Notice of Removal of the above-styled action pursuant to 28 U.S.C. § 1446(a) and would respectfully represent and show unto this Court the following:

### A. Introduction

1.      Defendant has filed its Civil Cover Sheet pursuant to Local Rule 3.1 and Local Rule 81.1. *See* Exhibit A.

2.      On or about September 30, 2020, Plaintiff MARCELINO VARGAS ("Plaintiff") initiated the state court lawsuit against Defendant in the 438th Judicial District Court of Bexar County, styled *Marcelino Vargas v. CML Security, LLC; Memco, Inc.; Sundt Construction, Inc.; and W.G. Yates & Sons Construction Co.*; Cause No. 2020CI18970 (the "State Court Action"). In the State Court Action, Plaintiff alleged a cause of action for premises liability against Defendant. In addition, Plaintiff seeks to recover damages for reasonable and necessary medical expenses in the past, reasonable and necessary medical expenses in the future, physical pain suffered in the past, physical pain suffered in the future, mental anguish suffered in the past, mental anguish

suffered in the future, physical impairment in the past, physical impairment in the future, loss or earning capacity sustained in the past, loss of earning capacity in the future, disfigurement suffered in the past, and disfigurement suffered in the future. *See Plaintiff's Original Petition*, attached hereto as Exhibit B.

3.     Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

4.     The attorneys involved in the action being removed are listed as follows:

| **Party and Party Type** | **Attorney(s)** |
|---|---|
| Marcelino Vargas - Plaintiff | R. Scott Westlund<br>Texas Bar No. 00791906<br>Joshua S. Hatley<br>Texas Bar No. 24083152<br>KETTERMAN ROWLAND & WESTLUND<br>16500 San Pedro, Suite 302<br>San Antonio, TX 78232<br>Phone: 210-490-7402<br>Fax: 210-490-8372<br>Email: scott@krwlawyers.com<br>Email: joshua@krwlawyers.com |
| CML Security, LLC – Defendant | Brett H. Payne<br>Texas Bar No. 00791417<br>WALTERS, BALIDO & CRAIN, L.L.P.<br>9020 N. Capital of Texas Highway<br>Building I, Suite 170<br>Austin, Texas 78759<br>Phone: 512-472-9000<br>Fax: 512-472-9002<br>Email: paynevfax@wbclawfirm.com |

Memco, Inc. – Defendant

Dana M. Gannon
Texas Bar No. 07623800
THORNTON BIECHLIN REYNOLDS &
GUERRA
133 North Friendswood Drive, Suite 109
Friendswood, TX 77546
Phone: 713-213-6143
Fax: 512-327-4694
Email: dgannon@thorntonfirm.com

Sundt Construction, Inc. – Defendant

Stephanie O'Rourke
Texas Bar No. 15310800
Cody Graham
Texas Bar No. 24087611
COKINOS / YOUNG
10999 West IH-10, Suite 800
San Antonio, TX 78230
Phone: 210-699-1900
Email: sorourke@cokinoslaw.com
Email: CGraham@cokinoslaw.com

W.G. Yates & Sons Construction Co. – Defendant

Stephanie O'Rourke
Texas Bar No. 15310800
Cody Graham
Texas Bar No. 24087611
COKINOS / YOUNG
10999 West IH-10, Suite 800
San Antonio, TX 78230
Phone: 210-699-1900
Email: sorourke@cokinoslaw.com
Email: CGraham@cokinoslaw.com

5. The name and address of the court from which the case is being removed is as follows:

438th Judicial District Court
Bexar County, Texas
The Honorable Rosie Alvarado
Bexar County Courthouse
100 Dolorosa
San Antonio, Texas 78205
Phone: (210) 335-0448
Fax: (210) 335-1535

### B. <u>The Notice Of Removal Is Timely</u>

6.      Defendant's agent was served with citation and a copy of Plaintiff's Original Petition on or about October 2, 2020. *See* Exhibit C. Pursuant to 28 U.S.C. § 1446(b), Defendant's Notice of Removal was filed within thirty (30) days after receipt by Defendant, through service or otherwise, of a copy of an initial pleading from which it may first be ascertained that the case is one which is or has become removable.

### C. <u>Complete Diversity & Amount In Controversy Is Over the Threshold</u>

7.      Pursuant to the State Court Action, Plaintiff Marcelino Vargas is an individual residing in Texas.

8.      Defendant CML Security, LLC is now, and was at all times relevant hereto, a foreign for-profit corporation which owns and operates the business commonly known as CML Security in Broomfield, Colorado.   Defendant's corporate headquarters, including officers, directors, and all members is located at 1785 W. 160th Avenue, Suite 700, Broomfield, Colorado 80023. *See* Exhibit D. Defendant's registered agent, upon whom Defendant may be served with process, is Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

9.      Defendant Sundt Construction, Inc. is now, and was at all times relevant hereto, a diverse, foreign for-profit corporation which is headquartered and operating out of Maricopa County, Arizona. *See* Exhibit B at ¶6.

10.      Defendant W.G. Yates & Sons Construction Co. is now, and was at all times relevant hereto, a diverse, foreign for-profit corporation which is headquartered and operating out of Neshoba County, PA. *See* Exhibit B at ¶7.

11.     Defendant Memco, Inc. is a non-diverse defendant that was joined solely to defeat diversity jurisdiction. *Davidson v. Ga-Pac., L.L.C., 819 F.3d 758 (5th Cir. 2016)*. Specifically, Defendant Memco, Inc. was improperly joined in the State Court Action as there is no possibility that Plaintiff can recover damages from Defendant Memco, Inc. At the time of the underlying accident, Plaintiff was an employee of Defendant Memco, Inc. *See* Exhibit E. Defendant Memco, Inc. carried a workers' compensation policy that covered the claims/injuries asserted by Plaintiff against Defendant Memco, Inc.. *See* Exhibit F. The Workers' compensation policy is Plaintiff's exclusive remedy for the claimed damages for negligence and premises liability asserted against Memco, Inc.

12.     In light of the foregoing, the remaining parties that are properly joined are of completely diverse citizenship. 28 U.S.C. §§ 1332(a), 1332(c)(1) 1441(b).

13.     Further, the case involves an amount in controversy of more than $75,000. 28 U.S.C. § 1332(a). A court can determine that removal is proper from a plaintiff's pleadings if plaintiff's claims are those that are likely to exceed the jurisdictional amount. *Allen v. R&H Oil & Gas., Co*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993). In the State Court Action, Plaintiff alleges he seeks "monetary relief over $1,000,000." *See* Exhibit B at ¶2. Thus, the amount in controversy in the instant case meets the requirements for removal.

14.     Copies of all pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a). *See* Exhibit G.

### D. Basis for Removal

15.     Because this is a civil action of which the District Courts of the United States have original jurisdiction, this case may be removed by this Court pursuant to 28 U.S.C. § 1446(b).

Further, because Plaintiff is a citizen and resident of Texas, all properly joined Defendants have citizenship outside of Texas, and the amount in controversy exceeds $75,000.00, the Court has subject matter jurisdiction based on diversity of citizenship and residency of all properly joined Defendants. 28 U.S.C. § 1132. As such, this removal action is proper.

16.     Defendant CML Security, LLC's headquarters is located in Broomfield, Colorado. "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities," commonly referred to as the "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010); *Peters v. Corona*, 2018 U.S. Dist. LEXIS 195428 (S.D. Tex. Nov. 16, 2018).     Defendant CML Security LLC's "nerve center" is located in Broomfield, Colorado. *See* Exhibit D.  Accordingly, Defendant CML Security, LLC is a diverse Defendant.

17.     Likewise, Defendant Sundt Construction, Inc.'s "nerve center" and headquarters is in Maricopa County, Arizona. *See* Exhibit B at ¶6. Accordingly, Defendant Sundt Construction, Inc. is a diverse Defendant.

18.     Likewise, Defendant W.G. Yates & Sons Construction Co.'s "nerve center" and headquarters is in Neshoba County, PA. *See* Exhibit B at ¶7. Accordingly, Defendant W.G. Yates & Sons Construction Co. is a diverse Defendant.

19.     Although Defendant Memco, Inc. is a non-diverse Defendant, Plaintiff cannot recover his claimed damages from Defendant Memco, Inc. "To establish improper joinder, the party seeking a federal forum must demonstrate that there is either 'actual fraud in the pleading of jurisdictional facts,' or 'no reasonable basis for the district court to predict that the plaintiff

might be able to recover' against the nondiverse defendant." *Toney v. State Farm Lloyds*, 661 Fed. Appx. 287, 290 (5th Cir. 2016); *Peters v. Corona*, 2018 U.S. Dist. LEXIS 195428 (S.D. Tex. Nov. 16, 2018).     Under the second method, "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Peters v. Corona*, 2018 U.S. Dist. LEXIS 195428 (S.D. Tex. Nov. 16, 2018). To resolve a question of improper joinder, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573; *Id.*

> First the court should look at the pleadings to determine whether the allegations state a claim under state law, but under federal pleading standards of Rules of Civil Procedure 8 and 9, against the in-state defendant. If the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the court may look beyond the pleadings and consider summary judgment-type evidence.

*Waste Mgmt, Inc. v. AIG Specialty Ins. Co.*, No. H-16-3676, 2017 WL 3431816, at *4 (S.D. Tex. Aug. 9, 2017). "The Fifth Circuit has recently held that the sufficiency of a plaintiff's state-court petition for purposes of a removal and improper joinder analysis should be measured under federal court pleading standards." *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 949 (S.D. Tex. 2016) (citing *Int'l Energy Ventures Mgmt, L.L.C. v. United Energy Group Ltd.*, 818 F.3d 193, 207–08 (5th Cir. 2016)). Accordingly, the plaintiff must have pleaded "enough facts to state a claim of relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level."

*Id.* at 555.; *Peters v. Corona*, 2018 U.S. Dist. LEXIS 195428 (S.D. Tex. Nov. 16, 2018).

20.    While a district court should ordinarily resolve improper joinder by conducting a Rule 12(b)(6)-type analysis, there are also exceptions applicable herein. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005); *Smallwood, 385 F.3d at 573.* "[I]n cases where the plaintiff has stated a claim, but 'misstated or omitted discrete facts,' the district court has the discretion to pierce the pleadings and conduct a summary inquiry." *McDonal*, 408 F.3d at 183 (citing *Smallwood*, 385 F.3d at 573).

21.    Plaintiff asserts only claims of premises liability and negligence against Defendant Memco, Inc. Plaintiff specifically states in his pleadings that "[a]t all pertinent times herein, Defendants were non-subscribers under the Texas Workers' Compensation laws and did not carry "workers' compensation insurance coverage' for any of its employees, including Plaintiff…" *See* Exhibit B at ¶15.  That statement is erroneous and should prompt this court to conduct a summary inquiry into the matter. *McDonal*, 408 F.3d at 183; *Smallwood*, 385 F.3d at 573.  In fact, Plaintiff has no possibility of recovery against Defendant Memco, Inc., because Memco, Inc. carried a workers' compensation policy that covered Plaintiff who was an employee of Defendant Memco, Inc. at the time of the underlying accident. *See* Exhibit E & F. Under the Texas Workers' Compensation Act, §408.001 of the Texas Labor Code, "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee." Tex. Labor Code §408.001(a); *Peters v. Corona*, 2018 U.S. Dist. LEXIS 195428 (S.D. Tex. Nov. 16, 2018). As Plaintiff's Original Petition does not state a viable claim of damages against Defendant Memco, Inc. that is not barred by the exclusive workers' compensation remedy, Plaintiff cannot overcome a Rule

12(b)(6) motion or a summary inquiry. *Id.* Accordingly, Plaintiff improperly joined Defendant Memco, Inc. in his State Court Action. For this reason, the citizenship of Defendant Memco, Inc. should not be considered in determining diversity of parties.

22.    All properly joined Defendants are foreign entities thus complete diversity is established. Additionally, Plaintiff's alleged damages, as stated in his Plaintiff's Original Petition, exceed $1,000,000.00. Accordingly, this case should be removed to federal court.

23.    Defendants Memco, Inc.; Sundt Construction, Inc.; and W.G. Yates & Sons Construction Co. consent to this Removal. *See* Exhibits H, I, and J.

### E. Filing of Notice with State Court

24.    Promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record and to the clerk of the state court action.

### F. Prayer

25.    **WHEREFORE, PREMISES CONSIDERED,** Defendant CML Security, LLC requests that this Court proceed with the handling of this cause of action as if it had been originally filed herein, that this Court make such orders, if any, and take such action, if any, as may be necessary in connection with the removal of the state court action to this Court, and that they have such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

BY:    */s/ Brett H. Payne*_____
Brett H. Payne
Texas Bar Number 00791417
WALTERS, BALIDO & CRAIN, L.L.P.
Great Hills Corporate Center
9020 N. Capital of Texas Highway
Building I, Suite 170
Austin, Texas 78759
Phone: 512-472-9000
Fax: 512-472-9002
Email: paynevfax@wbclawfirm.com

**ATTORNEY FOR DEFENDANT
CML SECURITY, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2nd of November, 2020, a copy of the foregoing document was served electronically on all CM/ECF participants in accordance with Federal Rule of Civil Procedure 5(e).

*/s/ Brett H. Payne*_____
BRETT H. PAYNE