# EXHIBIT B
# 5:20-CV-01289

FILED
9/30/2020 4:08 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Roxanne Mujica

4 CITS PPS

CAUSE NO. **2020CI18970**

| | | |
|---|---|---|
| MARCELINO VARGAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | **438TH**__ JUDICIAL DISTRICT |
| | § | |
| CML SECURITY, LLC, MEMCO, INC., | § | |
| SUNDT CONSTRUCTION, INC., AND | § | |
| W.G. YATES & SONS CONSTRUCTION CO. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MARCELINO VARGAS, Plaintiff in the above-entitled and numbered cause, and files this his Plaintiff's Original Petition, complaining of CML SECURITY, LLC MEMCO, INC., SUNDT CONSTRUCTION, INC., and W.G. YATES & SONS CONSTRUCTION CO. (collectively "Defendants") and for cause of action would respectfully show the following:

### I. DISCOVERY-CONTROL PLAN

1.      Discovery, pursuant to Rule 190.4, Texas Rules of Civil Procedure, will be conducted under Level 3.

### II. RELIEF

2.      Plaintiff seeks monetary relief over $1,000,000. Tex. R. Civ. P. 47(c)(5).

### III. PARTIES

3.      Plaintiff, MARCELINO VARGAS, is an individual living in Bexar County, Texas.

4.      Defendant, CML SECURITY, LLC, is a limited liability company regionally headquartered in Bexar County, Texas. It may be served with citation via its registered agent: Corporation Service Company dba CSC - Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, TX 78701-3218.

5.      Defendant MEMCO, INC. is a domestic for-profit corporation headquartered in Harris County, Texas. It may be served with citation via its registered agent: Andrew S Husmann at 2115 Judiway, Houston, TX 77018.

6.      Defendant SUNDT CONSTRUCTION, INC. is a foreign for-profit corporation headquartered in Maricopa County, Arizona. It may be served with citation via its registered agent: C T Corporation System at 1999 Bryan Street, Ste. 900, Dallas Texas 75201.

7.      Defendant W.G. YATES & SONS CONSTRUCTION CO. is a foreign corporation headquartered in Neshoba County, PA. It may be served with citation via its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

## IV. VENUE

8.      Venue is proper in Bexar County, Texas because Bexar County, Texas is where the Defendant CML SECURITY, LLC had a principle place of business at the time of the incident made the basis of this lawsuit.

## V. MISNOMER, ALTER-EGO, ASSUMED NAME

9.      In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" and/or joint enterprises of the parties named here in.

## VI. FACTS

10.     On or about February 11, 2020, Plaintiff was working in the course and scope of his employment for Defendants, working alongside employees of Defendants on a job site located, at 3000 S IH-35, New Braunfels, TX 78130 that was occupied, maintained, or otherwise under the control, actual or constructive, of Defendants. Moreover, Defendants hired Plaintiff and other

employees to install panels on roofs of building located on the property under the control of the Defendants. Plaintiff would show that, on or about February 11, 2020, employees, agents, and/or representatives of Defendants were responsible for overall job site safety. However, they failed to insure the site was properly maintained and supervised and thus allowed incompetent/unlicensed employees/individuals to work on the buildings and rooftops without safety harnesses or restraints, with defective or dysfunctional safety harnesses or restraints, failed to implement appropriate general worksite safety rules/precautions, and failed to warn the workers including Plaintiff of the latent dangerous conditions existing on the worksite. As a result, Plaintiff fell through the roof, causing him to violently strike the floor sustaining injuries to his head, ribs, and body generally. The injuries and damages were directly and proximately caused by the negligence of Defendants and their employees, agents, or representatives. The Occurrence caused Plaintiff to suffer serious injuries that have required medical care in the past and will require medical care in the future. Defendants failed to use ordinary care in fulfilling their duties to the Plaintiff.

## VII. COUNT 1 – PREMISES CLAIM BY INVITEE - NEGLIGENCE OF CML SECURITY, LLC, MEMCO, INC., SUNDT CONSTRUCTION, INC., AND W.G. YATES & SONS CONSTRUCTION CO.

11.     Defendants were the owners, operators, or in possession of the premises at 3000 S IH-35, New Braunfels, TX 78130. Plaintiff, on or about February 11, 2020, was employed by Defendants, and as part of his job for Defendants, Plaintiff entered Defendants' premises in response to Defendants' invitation and for their mutual benefit. The premises were occupied, maintained, or otherwise under the control, actual or constructive, of Defendants. A condition on Defendants' premises posed an unreasonable risk of harm. Specifically, the condition posing an unreasonable risk of harm was an elevated, unmarked, unguarded skylight on the roof of the building Plaintiff was working on that was approximately 30 feet in height from the ground posing

a substantial fall risk. Defendants also knew or reasonably should have known that the roof was an unreasonably dangerous condition that posed a substantial danger to Plaintiff and/or other invitees on the premises. Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendants breached the duty of ordinary care by failing to properly inspect the premises for fall risks, failing to properly identify the fall risk, failing to place warnings alerting invitees of the gap in the cat-walk, and failing to make the condition safe for Plaintiff and other invitees.

12.     Plaintiff alleges that Defendants and their agents, servants, and employees negligently allowed the area to become dangerous, negligently permitted such dangerous condition to exist, and negligently failed to warn Plaintiff of the condition on the premises despite the fact that Defendants and their agents, servants, and employees knew or, in the exercise of ordinary care, should have known of the existence of the condition and the likelihood of someone being injured in a similar manner as Plaintiff. Plaintiff further alleges that the condition on the premises had continued for such a period of time that it would have been remedied if Defendants and their agents, servants, and employees had exercised ordinary care in the maintenance and inspection of the premises. The individuals responsible for this negligent conduct, at all times relevant, were agents, representatives, or employees of Defendants and were acting on behalf of Defendants or within the scope and course of their employment for Defendants. Therefore, as Defendants' agents, representatives, or employees, the act or acts of any such individuals are attributable to Defendants and render Defendants liable for all damages suffered by Plaintiff under theories of vicarious liability, including but not limited to, *respondeat superior*.

13.     Accordingly, Defendants and their agents, servants, representative and/or employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward Plaintiff in one or more of the following respects:

a)  ~~in failing to maintain reasonably safe premises;~~

b)  in failing to inspect the premises in order to discover the dangerous condition on the premises;

c)  in failing to correct and make the dangerous condition safe;

d)  in failing to warn invitees, including Plaintiff, that a dangerous condition existed;

e)  in failing to meet industry standards applicable to customers, employees, invitees, areas of ingress/egress, and elevated areas of six feet or more;

f)  in failing to meet or adhere to occupational safety and health standards, guidelines, and codes for elevated areas on the premises;

g)  in failing to adhere to international, state, local, and/or municipal building code applicable to invitees and areas used for ingress and egress;

h)  in violating the mandate prescribed in Texas Labor Code §411.103, constituting is negligence per se;

i)  in failing to properly ensure that all work was conducted and completed in a proper and safe manner;

j)  in failing to prevent persons from being injured as required by company policy;

k)  in failing to properly supervise all employees or persons working on the site and ensure that all work conducted was done in a proper and safe manner;

l)  in failing to provide and/or promote adequate safety rules, regulations and guidelines for its employees or persons working on the site;

m)  in failing to properly implement, supervise and enforce safety rules, OSHA regulations and industry safety guidelines;

n)  in failing to provide adequate safety training, safety equipment and instruction for those working upon the site;

o)  in failing to warn of or make safe dangerous worksite conditions;

p) in failing to maintain reasonably safe workplace premises; and/or

q) in failing to implement and enforce its own safety rules/policies.

14.     Plaintiff alleges that each and every, all and singular, of the aforementioned acts and/or omissions on the part of Defendants and their agents, servants, and employees constitute negligence which was and is the direct and proximate cause of the injuries and damages sustained by Plaintiff as more fully set forth below. Plaintiff seeks damages within the jurisdictional limits of this Court.

15.     At all pertinent times herein, Defendants were non-subscribers under the Texas Workers' Compensation laws and did not carry "workers' compensation insurance coverage" for any of its employees, including Plaintiff, as that term is defined under §401.011, Texas Labor Code. Therefore, Plaintiff brings this action to recover for his injuries sustained in the course and scope of his employment with Defendants.

## VIII. JOINT AND SEVERAL LIABILITY

16.     Because of the relationship among and between the Defendants and the activities of the Defendants prior to and at the time of the wreck giving rise to Plaintiff's claims, the Defendants are jointly and severally liable for Plaintiff's damages alleged herein.

## IX. DAMAGES

17.     Plaintiff, as a direct and proximate result of Defendants' breach of duty and/or the negligence of Defendants and its agents, employees, and servants, Plaintiff was caused to suffer serious and permanent personal injuries to his body generally. Accordingly, Plaintiff, as a direct and proximate result of the breach of duty and the negligence of Defendants, has incurred the following damages:

a) reasonable and necessary medical expenses in the past;

b) reasonable and necessary medical expenses which, in all reasonable probability, will be

incurred in the future;

c)  physical pain suffered in the past;

d)  physical pain which, in all reasonable probability, will be suffered in the future;

e)  mental anguish suffered in the past;

f)  mental anguish which, in all reasonable probability, will be suffered in the future;

g)  physical impairment in the past;

h)  physical impairment which, in all reasonable probability, will be suffered in the future;

i)  loss of earning capacity sustained in the past;

j)  loss of earning capacity which, in all reasonable probability, will be sustained in the future;

k)  disfigurement suffered in the past; and

l)  disfigurement which, in all reasonable probability, will be suffered in the future.

18.    Plaintiff seeks damages within the jurisdictional limits of this Court.

## X. REQUEST FOR DISCLOSURE

19.    Under Texas Rule of Civil Procedure 194, Defendants are requested to disclose within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## XI. 193.7 NOTICE

20.    Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff gives notice to the Defendants that any and all documents and things produced by the Defendants may be used at any pretrial proceeding and/or the trial of this case without the necessity of authenticating said documents and things.

## XII. JURY DEMAND

21.    Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein; that, on final hearing of this cause, Plaintiff have judgment against Defendants for actual damages in an amount deemed to be just and fair by the Jury which will be a sum within the jurisdictional limits of this Court; prejudgment interest and post-judgment interest at the maximum rate provided by law; court costs; and all other relief to which Plaintiff is justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas  78232
Telephone:     (210) 490-7402
Telefacsimile: (210) 490-8372
Email: scott@krwlawyers.com
Email: joshua@krwlawyers.com


BY:     /S/ JOSHUA S. HATLEY
        R. SCOTT WESTLUND
        State Bar No. 00791906
        JOSHUA S. HATLEY
        State Bar No. 24083152

        **ATTORNEYS FOR PLAINTIFF**

CAUSE NO. _____

| | | |
|---|---|---|
| MARCELINO VARGAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | ___ JUDICIAL DISTRICT |
| | § | |
| CML SECURITY, LLC, MEMCO, INC., | § | |
| SUNDT CONSTRUCTION, INC., AND | § | |
| W.G. YATES & SONS CONSTRUCTION CO. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR PRODUCTION NUMBERS 1-29 TO DEFENDANT MEMCO, INC.

TO:   MEMCO, INC.
      Defendant
      By and Through Its Registered Agent:
      Andrew S Husmann
      2115 Judiway
      Houston, TX 77018

Plaintiff request that Defendant produce for discovery under Rule 192 and 196, Texas Rules of Civil Procedure, the items specified below at the time, place, and for the purposes set out in those paragraphs.

I.

### DEFINITIONS AND INSTRUCTIONS

The use of the term "Defendant", unless otherwise indicated, shall specifically include the named Defendant to whom these requests are addressed and all agents, employees, insurers, representatives, and/or attorneys of the named entity to which these requests are addressed.

II.

The term "document" means any printed, typewritten, hand-written, computer generated, electronically or magnetically made or otherwise recorded matter, of whatever character, and including but not limited to papers, books, accounts, drawings, graphs, charts, photographs, electronic recordings, videotape recordings, data, data compilations, letters, purchase orders,

memoranda, telegrams, notes, catalogs, diaries, reports, calendars, inter-office communications, statements, announcements, and any carbon or photographic copies of any such material if Defendant does not have custody or control of the original.

III.

Plaintiff request, if any information is in electronic or magnetic form only, that such information be identified in the current form it is in so that an informed decision can be made as to the simplest and easiest way to have the information produced.

IV.

Please state, if any document requested was but is no longer in Defendant's possession or control or is no longer in existence, the following:

a.    Missing or lost;

b.    Destroyed;

c.    Transferred voluntarily or involuntarily to others and if so, to whom; or

d.    Otherwise disposed of.

V.

You must, in each instance, explain the circumstances of the disposition thereof and contents of such documents.

VI.

The following documents are to be produced within thirty (30) days of the date of service at the law offices of Plaintiff's attorneys:

1.    All slides, contact sheets, photographs, videotapes, motion pictures, or electronic images of any underlying fact and including but not limited to any surveillance or security camera at or near the premises the subject of this lawsuit on the date of the incident and any surveillance of Plaintiff at any time.

2.  All slides, photographs, videotapes, motion pictures, or electronic images Defendant intends or may offer into evidence during the course of trial.

3.  Copies of all incident reports made regarding the incident the subject of this lawsuit.

4.  All medical records, medical reports, and medical bills in Defendant's actual or constructive possession-concerning Plaintiff. This request seeks all records obtained by any means.

5.  All employment and payroll records in Defendant's actual or constructive possession concerning Plaintiff.

6.  All investigative documentation, reports, communications made and materials prepared by or on behalf of Defendant or Defendant's representatives (including Defendant's attorneys, consultants, sureties, indemnitors, insurers, employees or agents), as a result of the incident made the basis of this lawsuit.

7.  All policy manuals, training manuals, instructions, guidelines, directives, and memoranda concerning the safety of visitors, invitees, employees, and any other persons on the jobsite the subject of this lawsuit.

8.  Copies of any criminal records obtained pertaining to any person with knowledge of relevant facts, and experts.

9.  All claims histories pertaining to Plaintiff and including Southwest Index Bureau ("S.W.I.B." cards), Equifax, Experian, TransUnion, T.R.W., M.I.B., or other information or data exchange banks maintained by or for the insurance industry or of which Defendant or Defendant's carriers are members or contributors.

10. Copies of all criminal records or documentation for which you intend or may use at trial in the impeachment of any witness for conviction of a crime.

11. All drawings, maps, or sketches of the incident scene made the basis of this suit.

12. Copies of all prior incident reports within the last five (5) years where any persons have alleged that they were injured relating to allegations of unsafe workplace procedures.

13. Copies of all prior claim files within the last five (5) years where any persons have alleged that they were injured relating at the premises the subject of this lawsuit and made a bodily injury claim against Defendant.

14. Any report or other written records pertaining to the investigation of this incident by any governmental agency or private organization relating to the occurrence in question.

15. All contracts or agreements, prior to the incident made the basis of this suit, with any person or business entity regarding the issues of: (a) ownership of the premises; (b) management of

the premises; (c) maintenance of the premises; (d) safety of persons while on the premises; or (e) the payment of injury claims occurring on the premises the subject of this lawsuit.

16.   All contracts or agreements, made <u>after</u> the incident made the basis of this suit, with any person or business entity regarding the issues of: (a) ownership of the premises; (b) management of the premises; (c) maintenance of the premises; (d) safety of persons while on the premises; or (e) the payment of injury claims occurring on the premises the subject of this lawsuit.

17.   Any documentation that would reveal the name, last known address, and telephone number of employees, including ex-employees, that have worked for Defendant at the premises the subject of this lawsuit within the six months prior to the incident made the basis of this suit and the three months after the incident made the basis of this suit.

18.   All documents pertaining to any non-human condition or event which you believe or contend contributed or was the sole cause of the incident the subject of this lawsuit.

19.   All documents and tangible things pertaining to any acts or omissions by Plaintiff or any other person which you contend or have reason to believe contributed or were the sole cause, in any manner, of the incident the subject of this lawsuit.

20.   All employee handbooks, policies, or guidelines, and any other information provided to Defendant's employees, agents, or representatives as well as all contracts work orders and the jobsite pertaining to their employment and including but not limited to safety procedures and guidelines and injury prevention programs, for the subject jobsite.

21.   All pleadings, discovery, cause numbers, claim numbers, and any other documents contained therein, pertaining to claims or lawsuits against Defendant, during the years 2015-2020, inclusive, wherein anyone was alleging personal injuries as a result of an unsafe work procedures.

22.   All documents and tangible things pertaining to the date, location, synopsis of incident, injuries sustained, and/or names, addresses, and telephone numbers of persons alleged to have been injured in any similar incidents as that the subject of this lawsuit for the years 2015-2020.

23.   All records (medical or non-medical) concerning all employees on the jobsite using alcohol or drugs (including prescription or non-prescription, legal or illegal) at any time during work or after subject jobsite.

24.   All documents which Defendant contends to establish the date on which Defendant claims any privilege under Rule 166b(3), Texas Rules of Civil Procedure and Flores v. Fourth Court of Appeals, 777 S.W.2d 38 (Tex.1989) as modified in National Tank Company v. Brotherton, 851 S.W.2d 193 (Tex.1993).

25. All documents which support your contention that any of Plaintiff's designated expert witnesses are unqualified or incompetent to render opinion testimony in this case based on the Daubert and Robinson decisions and their progeny. If you are making no such contentions, then please so state.

26. Copies of any and all DWC-81 or TWCC-81 forms entered into with Plaintiff's employer, it any.

27. All safety meeting sign in sheets dealing with rooftop and/or scaffolding safety, fall protection instructions, training and/or instructions for the subject jobsite.

28. All safety meeting documentation provided to employees and/or contractors for the subject jobsite.

29. Any and all records obtained via DWQ.

30. All communications between Defendant and Occupational Safety and Health Administration (OSHA) regarding the incident made the basis of this suit.

31. All manuals, training materials, instruction manuals, safety meeting information or documentation, or any document or online training material provided to employees or contractors in regard to fall protection and training provided on the use of fall protection including but not limited to yoyos or rope grabs.

32. All pictures or videos of the fall protection worn by Plaintiff at the time of his fall.

33. All slides, contact sheets, photographs, videotapes, motion pictures, or electronic images of the Plaintiff and any fall protection he was wearing at the time of the incident.

34. All communications between Defendant and any representative or employee for the company or companies that made or provided the fall protection Plaintiff was using to Defendant.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:      (210) 490-7402
Telefacsimile:  (210) 490-8372
Email: scott@krwlawyers.com
Email: joshua@krwlawyers.com

BY:   /S/ JOSHUA S. HATLEY_____
       R. SCOTT WESTLUND

State Bar No. 00791906
JOSHUA S. HATLEY
State Bar No. 24083152

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been provided to

the following counsel of record:

MEMCO, INC.
Defendant
By and Through Its Registered Agent:
Andrew S Husmann
2115 Judiway
Houston, TX 77018

on this the 30th day of September 2020.

/S/ JOSHUA HATLEY
R. SCOTT WESTLUND
JOSHUA HATLEY

CAUSE NO. _____

| | | |
|---|---|---|
| MARCELINO VARGAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | ___ JUDICIAL DISTRICT |
| | § | |
| CML SECURITY, LLC, MEMCO, INC., | § | |
| SUNDT CONSTRUCTION, INC., AND | § | |
| W.G. YATES & SONS CONSTRUCTION CO. | § | BEXAR COUNTY, TEXAS |

**PLAINTIFF'S INTERROGATORIES NUMBERS 1-19 TO
DEFENDANT MEMCO, INC.**

TO:   MEMCO, INC.
      Defendant
      By and Through Its Registered Agent:
      Andrew S Husmann
      2115 Judiway,
      Houston, TX 77018

    You are requested to answer the following Interrogatories separately, fully, in writing, and

under oath, pursuant to Rules 193 and 197, Texas Rules of Civil Procedure.  The answers are to be

signed and sworn to by the person making them and delivered to the undersigned attorney not less

than 30 days after service hereof.

                        Respectfully submitted,

                        KETTERMAN ROWLAND & WESTLUND
                        16500 San Pedro, Suite 302
                        San Antonio, Texas  78232
                        Telephone:     (210) 490-7402
                        Telefacsimile: (210) 490-8372
                        Email: scott@krwlawyers.com
                        Email: joshua@krwlawyers.com


            BY:   */S/ JOSHUA S. HATLEY*_____
                        R. SCOTT WESTLUND
                        State Bar No. 00791906
                        JOSHUA S. HATLEY
                        State Bar No. 24083152

                        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been provided to

the following counsel of record:

MEMCO, INC.
Defendant
By and Through Its Registered Agent:
Andrew S Husmann
2115 Judiway,
Houston, TX 77018

on this the 30th day of September 2020.

/S/ JOSHUA S. HATLEY
R. SCOTT WESTLUND
JOSHUA HATLEY

**PLAINTIFF'S INTERROGATORIES NUMBERS 1-19 TO DEFENDANT**

1.  Identify the name, title or position, business address, business telephone number of the person answering these Interrogatories, and whether said person is the designated corporate representative for Defendant.

**ANSWER:**

2.  Was any employee ever suspended, terminated, placed on probation, reprimanded, or otherwise disciplined while employed by Defendant relating to the subject incident or any other safety violations regarding the subject project.

**ANSWER:**

3.  Please state, as fully and specifically as you can, how the incident which is the subject of this suit occurred, including the date, time, location, and persons present immediately before, during, or immediately after the incident.

**ANSWER:**

4.  Please state the name, business address, and business telephone number of the supervisor for the project on February 11, 2020 the incident the subject of this lawsuit.

**ANSWER:**

5.  Describe, in detail, any wrongs, including any arrests or convictions, acts, occurrences, opinion or reputation evidence, or other information which you are aware of, may or will offer into evidence as to the character or the credibility of any party, person with knowledge of relevant facts, and experts.

**ANSWER:**

6.  Describe in detail any incidents resulting in allegations of injuries or injuries which have been sustained by any person involved with the subject project:

    a.  Give the date when Defendant became aware of each such incident or injury.
    b.  Describe in detail any actions taken, including remedial or corrective acts, by Defendant with regard to each such incident or injury.

**ANSWER:**

7.  Describe any safety measures Defendant proposed or initiated to deter or prevent any injuries to all employees working the subject project.

**ANSWER:**

8.    Describe any meetings which have taken place between Defendant and anyone else regarding work place safety regarding the incident the subject of this lawsuit (including the names, addresses, and telephone numbers of persons present and the approximate dates the meetings took place).

**ANSWER:**

9.    Identify Defendant's employees, agents, or representatives, by name, address, and telephone number, who were responsible for workplace safety at the premises the subject of this lawsuit (including the names, addresses, and telephone numbers).

**ANSWER:**

10.   State whether or not Defendant has been named as a defendant in any other lawsuits for the years 2015-2020 which relate to any personal injuries or damages which are alleged to have been sustained by any person as a result of workplace incidents.  If yes, state the style, cause number, and jurisdiction of said lawsuit; the name, last known address, and telephone number of the attorneys representing any plaintiff and defendant in said lawsuit; and, the disposition of said lawsuit.

**ANSWER:**

11.   If you are contending that any acts or omissions of Plaintiff or anyone else contributed or were a cause of the incident made the basis of this lawsuit, please state specifically the person, each act or omission on which you are relying and how it allegedly contributed to or was the sole cause of the incident made the basis of this lawsuit.

**ANSWER:**

12.   Identify Defendant's employees, agents, or representatives, by name, address, and telephone number, who were present at or near the incident the subject of this lawsuit (including the names, addresses, and telephone numbers) at or near the time of the incident the subject of this lawsuit.

**ANSWER:**

13.   If you are contending that any non-human event or condition contributed or was the sole cause of the incident made the basis of this lawsuit, please state specifically each non-human event or condition on which you are relying and how it allegedly contributed to or was the sole cause of the incident made the basis of this lawsuit.

**ANSWER:**

14.   Do you contend that any of Plaintiff's designated testifying expert witnesses are unqualified or incompetent to render opinion testimony in this case based on the <u>Daubert</u> decision or its progeny?  If so, then please state in full and complete detail the basis for

such contentions.  If you are making no such contentions, then please so state.

**ANSWER:**

15.  Please indicate whether Defendants have any company policies dealing with the safety of visitors, invitees, employees, and any other persons including but not limited to the jobsite the subject of this lawsuit.  If so, please state the following:

    a.    what the policies are;
    b.    the date such policies came into effect;
    c.    whether such policy is in writing; and,
    d.    the name or identity of the written document containing such policies;

**ANSWER:**

16.  Please state completely and fully all representations, statements, declarations, or admissions made by Plaintiff before or after the incident relevant to this lawsuit.

**ANSWER:**

17.  Was it the regular course of business or standard procedure for Defendants to investigate any incident and including at the premises the subject of this lawsuit wherein somebody was injured or claiming they were injured?

**ANSWER:**

18.  Please indicate whether any incident report was written regarding this incident.

**ANSWER:**

19.  Please indicate the date upon which litigation was first anticipated by Defendants regarding the incident as described in Plaintiff's petition and include a description of the facts supporting that date.

**ANSWER:**

**THE STATE OF TEXAS**                                   *

**COUNTY OF** _____                          *

      BEFORE ME, the undersigned authority, on this day personally appeared _____,

personally known to me to be the person whose name is subscribed to the foregoing instrument,

who, after being by me duly sworn did upon _____ oath depose and say:

      "My name is _____.  I have read the foregoing answers to

Interrogatories propounded by Plaintiff and state that the same are true and correct."


                                  _____
                                    Representative of Defendant, MEMCO, INC.
                                    Print Name: _____

      SWORN TO AND SUBSCRIBED BEFORE ME by the said _____ on this

the _____ day of _____, 2020, to certify which witness my

hand and seal of office.

                                    _____
                                    NOTARY PUBLIC IN AND
                                    FOR THE STATE OF TEXAS

                                    My commission expires:_____

CAUSE NO. _____

| | | |
|---|---|---|
| MARCELINO VARGAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | ___ JUDICIAL DISTRICT |
| | § | |
| CML SECURITY, LLC, MEMCO, INC., | § | |
| SUNDT CONSTRUCTION, INC., AND | § | |
| W.G. YATES & SONS CONSTRUCTION CO. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR PRODUCTION NUMBERS 1-34 TO DEFENDANT CML SECURITY, LLC

TO:    CML SECURITY, LLC
        Defendant
        By and Through Its Registered Agent:
        Corporation Service Company dba
        CSC - Lawyers Incorporating Service Company
        211 E. 7th Street, Suite 620
        Austin, TX 78701-3218.

Plaintiff request that Defendant produce for discovery under Rule 192 and 196, Texas Rules of Civil Procedure, the items specified below at the time, place, and for the purposes set out in those paragraphs.

I.

## DEFINITIONS AND INSTRUCTIONS

The use of the term "Defendant", unless otherwise indicated, shall specifically include the named Defendant to whom these requests are addressed and all agents, employees, insurers, representatives, and/or attorneys of the named entity to which these requests are addressed.

II.

The term "document" means any printed, typewritten, hand-written, computer generated, electronically or magnetically made or otherwise recorded matter, of whatever character, and including but not limited to papers, books, accounts, drawings, graphs, charts, photographs, electronic recordings, videotape recordings, data, data compilations, letters, purchase orders,

memoranda, telegrams, notes, catalogs, diaries, reports, calendars, inter-office communications, statements, announcements, and any carbon or photographic copies of any such material if Defendant does not have custody or control of the original.

III.

Plaintiff request, if any information is in electronic or magnetic form only, that such information be identified in the current form it is in so that an informed decision can be made as to the simplest and easiest way to have the information produced.

IV.

Please state, if any document requested was but is no longer in Defendant's possession or control or is no longer in existence, the following:

a.       Missing or lost;

b.       Destroyed;

c.       Transferred voluntarily or involuntarily to others and if so, to whom; or

d.       Otherwise disposed of.

V.

You must, in each instance, explain the circumstances of the disposition thereof and contents of such documents.

VI.

The following documents are to be produced within thirty (30) days of the date of service at the law offices of Plaintiff's attorneys:

1.       All slides, contact sheets, photographs, videotapes, motion pictures, or electronic images of any underlying fact and including but not limited to any surveillance or security camera at or near the premises the subject of this lawsuit on the date of the incident and any surveillance of Plaintiff at any time.

2.    All slides, photographs, videotapes, motion pictures, or electronic images Defendant intends or may offer into evidence during the course of trial.

3.    Copies of all incident reports made regarding the incident the subject of this lawsuit.

4.    All medical records, medical reports, and medical bills in Defendant's actual or constructive possession concerning Plaintiff. This request seeks all records obtained by any means.

5.    All employment and payroll records in Defendant's actual or constructive possession concerning Plaintiff.

6.    All investigative documentation, reports, communications made and materials prepared by or on behalf of Defendant or Defendant's representatives (including Defendant's attorneys, consultants, sureties, indemnitors, insurers, employees or agents), as a result of the incident made the basis of this lawsuit.

7.    All policy manuals, training manuals, instructions, guidelines, directives, and memoranda concerning the safety of visitors, invitees, employees, and any other persons on the jobsite the subject of this lawsuit.

8.    Copies of any criminal records obtained pertaining to any person with knowledge of relevant facts, and experts.

9.    All claims histories pertaining to Plaintiff and including Southwest Index Bureau ("S.W.I.B." cards), Equifax, Experian, TransUnion, T.R.W., M.I.B., or other information or data exchange banks maintained by or for the insurance industry or of which Defendant or Defendant's carriers are members or contributors.

10.   Copies of all criminal records or documentation for which you intend or may use at trial in the impeachment of any witness for conviction of a crime.

11.   All drawings, maps, or sketches of the incident scene made the basis of this suit.

12.   Copies of all prior incident reports within the last five (5) years where any persons have alleged that they were injured relating to allegations of unsafe workplace procedures.

13.   Copies of all prior claim files within the last five (5) years where any persons have alleged that they were injured relating at the premises the subject of this lawsuit and made a bodily injury claim against Defendant.

14.   Any report or other written records pertaining to the investigation of this incident by any governmental agency or private organization relating to the occurrence in question.

15.   All contracts or agreements, prior to the incident made the basis of this suit, with any person or business entity regarding the issues of: (a) ownership of the premises; (b) management of

the premises; (c) maintenance of the premises; (d) safety of persons while on the premises; or (e) the payment of injury claims occurring on the premises the subject of this lawsuit.

16. All contracts or agreements, made <u>after</u> the incident made the basis of this suit, with any person or business entity regarding the issues of: (a) ownership of the premises; (b) management of the premises; (c) maintenance of the premises; (d) safety of persons while on the premises; or (e) the payment of injury claims occurring on the premises the subject of this lawsuit.

17. Any documentation that would reveal the name, last known address, and telephone number of employees, including ex-employees, that have worked for Defendant at the premises the subject of this lawsuit within the six months prior to the incident made the basis of this suit and the three months after the incident made the basis of this suit.

18. All documents pertaining to any non-human condition or event which you believe or contend contributed or was the sole cause of the incident the subject of this lawsuit.

19. All documents and tangible things pertaining to any acts or omissions by Plaintiff or any other person which you contend or have reason to believe contributed or were the sole cause, in any manner, of the incident the subject of this lawsuit.

20. All employee handbooks, policies, or guidelines, and any other information provided to Defendant's employees, agents, or representatives as well as all contracts work orders and the jobsite pertaining to their employment and including but not limited to safety procedures and guidelines and injury prevention programs, for the subject jobsite.

21. All pleadings, discovery, cause numbers, claim numbers, and any other documents contained therein, pertaining to claims or lawsuits against Defendant, during the years 2015-2020, inclusive, wherein anyone was alleging personal injuries as a result of an unsafe work procedures.

22. All documents and tangible things pertaining to the date, location, synopsis of incident, injuries sustained, and/or names, addresses, and telephone numbers of persons alleged to have been injured in any similar incidents as that the subject of this lawsuit for the years 2015-2020.

23. All records (medical or non-medical) concerning all employees on the jobsite using alcohol or drugs (including prescription or non-prescription, legal or illegal) at any time during work or after subject jobsite.

24. All documents which Defendant contends to establish the date on which Defendant claims any privilege under Rule 166b(3), Texas Rules of Civil Procedure and Flores v. Fourth Court of Appeals, 777 S.W.2d 38 (Tex.1989) as modified in National Tank Company v. Brotherton, 851 S.W.2d 193 (Tex.1993).

25.     All documents which support your contention that any of Plaintiff's designated expert witnesses are unqualified or incompetent to render opinion testimony in this case based on the Daubert and Robinson decisions and their progeny. If you are making no such contentions, then please so state.

26.     Copies of any and all DWC-81 or TWCC-81 forms entered into with Plaintiff's employer, it any.

27.     All safety meeting sign in sheets dealing with rooftop and/or scaffolding safety, fall protection instructions, training and/or instructions for the subject jobsite.

28.     All safety meeting documentation provided to employees and/or contractors for the subject jobsite.

29.     Any and all records obtained via DWQ.

30.     All communications between Defendant and Occupational Safety and Health Administration (OSHA) regarding the incident made the basis of this suit.

31.     All manuals, training materials, instruction manuals, safety meeting information or documentation, or any document or online training material provided to employees or contractors in regard to fall protection and training provided on the use of fall protection including but not limited to yoyos or rope grabs.

32.     All pictures or videos of the fall protection worn by Plaintiff at the time of his fall.

33.     All slides, contact sheets, photographs, videotapes, motion pictures, or electronic images of the Plaintiff and any fall protection he was wearing at the time of the incident.

34.     All communications between Defendant and any representative or employee for the company or companies that made or provided the fall protection Plaintiff was using to Defendant.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:    (210) 490-7402
Telefacsimile: (210) 490-8372
Email: scott@krwlawyers.com
Email: joshua@krwlawyers.com


BY:    /S/ JOSHUA S. HATLEY
       R. SCOTT WESTLUND

State Bar No. 00791906
JOSHUA S. HATLEY
State Bar No. 24083152

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been provided to

the following counsel of record:

CML SECURITY, LLC
Defendant
By and Through Its Registered Agent:
Corporation Service Company dba
CSC - Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, TX 78701-3218.

on this the 30th day of September 2020.

_/S/ JOSHUA HATLEY_
R. SCOTT WESTLUND
JOSHUA HATLEY

CAUSE NO. _____

| | | |
|---|---|---|
| MARCELINO VARGAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | ___ JUDICIAL DISTRICT |
| | § | |
| CML SECURITY, LLC, MEMCO, INC., | § | |
| SUNDT CONSTRUCTION, INC., AND | § | |
| W.G. YATES & SONS CONSTRUCTION CO. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S INTERROGATORIES NUMBERS 1-19 TO DEFENDANT CML SECURITY, LLC

TO:   CML SECURITY, LLC
      Defendant
      By and Through Its Registered Agent:
      Corporation Service Company dba
      CSC - Lawyers Incorporating Service Company
      211 E. 7th Street, Suite 620
      Austin, TX 78701-3218

You are requested to answer the following Interrogatories separately, fully, in writing, and under oath, pursuant to Rules 193 and 197, Texas Rules of Civil Procedure. The answers are to be signed and sworn to by the person making them and delivered to the undersigned attorney not less than 30 days after service hereof.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:     (210) 490-7402
Telefacsimile: (210) 490-8372
Email: scott@krwlawyers.com
Email: joshua@krwlawyers.com

BY:   */S/ JOSHUA S. HATLEY*_____
      R. SCOTT WESTLUND
      State Bar No. 00791906
      JOSHUA S. HATLEY
      State Bar No. 24083152

      **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been provided to

the following counsel of record:

CML SECURITY, LLC
Defendant
By and Through Its Registered Agent:
Corporation Service Company dba
CSC - Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, TX 78701-3218

on this the 30th day of September 2020.

/S/ JOSHUA S. HATLEY
R. SCOTT WESTLUND
JOSHUA HATLEY

## PLAINTIFF'S INTERROGATORIES NUMBERS 1-19 TO DEFENDANT

1.   Identify the name, title or position, business address, business telephone number of the person answering these Interrogatories, and whether said person is the designated corporate representative for Defendant.

**ANSWER**:

2.   Was any employee ever suspended, terminated, placed on probation, reprimanded, or otherwise disciplined while employed by Defendant relating to the subject incident or any other safety violations regarding the subject project.

**ANSWER**:

3.   Please state, as fully and specifically as you can, how the incident which is the subject of this suit occurred, including the date, time, location, and persons present immediately before, during, or immediately after the incident.

**ANSWER**:

4.   Please state the name, business address, and business telephone number of the supervisor for the project on February 11, 2020 the incident the subject of this lawsuit.

**ANSWER**:

5.   Describe, in detail, any wrongs, including any arrests or convictions, acts, occurrences, opinion or reputation evidence, or other information which you are aware of, may or will offer into evidence as to the character or the credibility of any party, person with knowledge of relevant facts, and experts.

**ANSWER**:

6.   Describe in detail any incidents resulting in allegations of injuries or injuries which have been sustained by any person involved with the subject project:

   a.   Give the date when Defendant became aware of each such incident or injury.
   b.   Describe in detail any actions taken, including remedial or corrective acts, by Defendant with regard to each such incident or injury.

**ANSWER**:

7.   Describe any safety measures Defendant proposed or initiated to deter or prevent any injuries to all employees working the subject project.

**ANSWER**:

8.   Describe any meetings which have taken place between Defendant and anyone else regarding work place safety regarding the incident the subject of this lawsuit (including the names, addresses, and telephone numbers of persons present and the approximate dates the meetings took place).

**ANSWER:**

9.   Identify Defendant's employees, agents, or representatives, by name, address, and telephone number, who were responsible for workplace safety at the premises the subject of this lawsuit (including the names, addresses, and telephone numbers).

**ANSWER:**

10.   State whether or not Defendant has been named as a defendant in any other lawsuits for the years 2015-2020 which relate to any personal injuries or damages which are alleged to have been sustained by any person as a result of workplace incidents.  If yes, state the style, cause number, and jurisdiction of said lawsuit; the name, last known address, and telephone number of the attorneys representing any plaintiff and defendant in said lawsuit; and, the disposition of said lawsuit.

**ANSWER:**

11.   If you are contending that any acts or omissions of Plaintiff or anyone else contributed or were a cause of the incident made the basis of this lawsuit, please state specifically the person, each act or omission on which you are relying and how it allegedly contributed to or was the sole cause of the incident made the basis of this lawsuit.

**ANSWER:**

12.   Identify Defendant's employees, agents, or representatives, by name, address, and telephone number, who were present at or near the incident the subject of this lawsuit (including the names, addresses, and telephone numbers) at or near the time of the incident the subject of this lawsuit.

**ANSWER:**

13.   If you are contending that any non-human event or condition contributed or was the sole cause of the incident made the basis of this lawsuit, please state specifically each non-human event or condition on which you are relying and how it allegedly contributed to or was the sole cause of the incident made the basis of this lawsuit.

**ANSWER:**

14.   Do you contend that any of Plaintiff's designated testifying expert witnesses are unqualified or incompetent to render opinion testimony in this case based on the <u>Daubert</u> decision or its progeny?  If so, then please state in full and complete detail the basis for

such contentions.  If you are making no such contentions, then please so state.

**ANSWER:**

15.   Please indicate whether Defendants have any company policies dealing with the safety of visitors, invitees, employees, and any other persons including but not limited to the jobsite the subject of this lawsuit.  If so, please state the following:

      a.     what the policies are;
      b.     the date such policies came into effect;
      c.     whether such policy is in writing; and,
      d.     the name or identity of the written document containing such policies;

**ANSWER:**

16.   Please state completely and fully all representations, statements, declarations, or admissions made by Plaintiff before or after the incident relevant to this lawsuit.

**ANSWER:**

17.   Was it the regular course of business or standard procedure for Defendants to investigate any incident and including at the premises the subject of this lawsuit wherein somebody was injured or claiming they were injured?

**ANSWER:**

18.   Please indicate whether any incident report was written regarding this incident.

**ANSWER:**

19.   Please indicate the date upon which litigation was first anticipated by Defendants regarding the incident as described in Plaintiff's petition and include a description of the facts supporting that date.

**ANSWER:**

THE STATE OF TEXAS                                    *

COUNTY OF _____                           *


       BEFORE ME, the undersigned authority, on this day personally appeared _____,

personally known to me to be the person whose name is subscribed to the foregoing instrument,

who, after being by me duly sworn did upon _____ oath depose and say:

       "My name is _____. I have read the foregoing answers to

Interrogatories propounded by Plaintiff and state that the same are true and correct."


                                      _____

                                        Representative of Defendant, CML
                                        SECURITY, LLC
                                        Print Name: _____


       SWORN TO AND SUBSCRIBED BEFORE ME by the said _____ on this

the _____ day of _____, 2020, to certify which witness my

hand and seal of office.


                                        _____

                                        NOTARY PUBLIC IN AND
                                        FOR THE STATE OF TEXAS

                                        My commission expires:_____

CAUSE NO. _____

| | | |
|---|---|---|
| MARCELINO VARGAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | ___ JUDICIAL DISTRICT |
| | § | |
| CML SECURITY, LLC, MEMCO, INC., | § | |
| SUNDT CONSTRUCTION, INC., AND | § | |
| W.G. YATES & SONS CONSTRUCTION CO. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR PRODUCTION NUMBERS 1-29 TO DEFENDANT SUNDT CONSTRUCTION, INC

TO:    SUNDT CONSTRUCTION, INC
Defendant
By and Through Its Registered Agent:
C T Corporation System
1999 Bryan Street, Ste. 900
Dallas Texas 75201

Plaintiff request that Defendant produce for discovery under Rule 192 and 196, Texas Rules of Civil Procedure, the items specified below at the time, place, and for the purposes set out in those paragraphs.

I.

### DEFINITIONS AND INSTRUCTIONS

The use of the term "Defendant", unless otherwise indicated, shall specifically include the named Defendant to whom these requests are addressed and all agents, employees, insurers, representatives, and/or attorneys of the named entity to which these requests are addressed.

II.

The term "document" means any printed, typewritten, hand-written, computer generated, electronically or magnetically made or otherwise recorded matter, of whatever character, and including but not limited to papers, books, accounts, drawings, graphs, charts, photographs, electronic recordings, videotape recordings, data, data compilations, letters, purchase orders,

memoranda, telegrams, notes, catalogs, diaries, reports, calendars, inter-office communications, statements, announcements, and any carbon or photographic copies of any such material if Defendant does not have custody or control of the original.

III.

Plaintiff request, if any information is in electronic or magnetic form only, that such information be identified in the current form it is in so that an informed decision can be made as to the simplest and easiest way to have the information produced.

IV.

Please state, if any document requested was but is no longer in Defendant's possession or control or is no longer in existence, the following:

a.    Missing or lost;

b.    Destroyed;

c.    Transferred voluntarily or involuntarily to others and if so, to whom; or

d.    Otherwise disposed of.

V.

You must, in each instance, explain the circumstances of the disposition thereof and contents of such documents.

VI.

The following documents are to be produced within thirty (30) days of the date of service at the law offices of Plaintiff's attorneys:

1.    All slides, contact sheets, photographs, videotapes, motion pictures, or electronic images of any underlying fact and including but not limited to any surveillance or security camera at or near the premises the subject of this lawsuit on the date of the incident and any surveillance of Plaintiff at any time.

2.   All slides, photographs, videotapes, motion pictures, or electronic images Defendant intends or may offer into evidence during the course of trial.

3.   Copies of all incident reports made regarding the incident the subject of this lawsuit.

4.   All medical records, medical reports, and medical bills in Defendant's actual or constructive possession concerning Plaintiff. This request seeks all records obtained by any means.

5.   All employment and payroll records in Defendant's actual or constructive possession concerning Plaintiff.

6.   All investigative documentation, reports, communications made and materials prepared by or on behalf of Defendant or Defendant's representatives (including Defendant's attorneys, consultants, sureties, indemnitors, insurers, employees or agents), as a result of the incident made the basis of this lawsuit.

7.   All policy manuals, training manuals, instructions, guidelines, directives, and memoranda concerning the safety of visitors, invitees, employees, and any other persons on the jobsite the subject of this lawsuit.

8.   Copies of any criminal records obtained pertaining to any person with knowledge of relevant facts, and experts.

9.   All claims histories pertaining to Plaintiff and including Southwest Index Bureau ("S.W.I.B." cards), Equifax, Experian, TransUnion, T.R.W., M.I.B., or other information or data exchange banks maintained by or for the insurance industry or of which Defendant or Defendant's carriers are members or contributors.

10.   Copies of all criminal records or documentation for which you intend or may use at trial in the impeachment of any witness for conviction of a crime.

11.   All drawings, maps, or sketches of the incident scene made the basis of this suit.

12.   Copies of all prior incident reports within the last five (5) years where any persons have alleged that they were injured relating to allegations of unsafe workplace procedures.

13.   Copies of all prior claim files within the last five (5) years where any persons have alleged that they were injured relating at the premises the subject of this lawsuit and made a bodily injury claim against Defendant.

14.   Any report or other written records pertaining to the investigation of this incident by any governmental agency or private organization relating to the occurrence in question.

15.   All contracts or agreements, prior to the incident made the basis of this suit, with any person or business entity regarding the issues of: (a) ownership of the premises; (b) management of

the premises; (c) maintenance of the premises; (d) safety of persons while on the premises; or (e) the payment of injury claims occurring on the premises the subject of this lawsuit.

16.     All contracts or agreements, made after the incident made the basis of this suit, with any person or business entity regarding the issues of: (a) ownership of the premises; (b) management of the premises; (c) maintenance of the premises; (d) safety of persons while on the premises; or (e) the payment of injury claims occurring on the premises the subject of this lawsuit.

17.     Any documentation that would reveal the name, last known address, and telephone number of employees, including ex-employees, that have worked for Defendant at the premises the subject of this lawsuit within the six months prior to the incident made the basis of this suit and the three months after the incident made the basis of this suit.

18.     All documents pertaining to any non-human condition or event which you believe or contend contributed or was the sole cause of the incident the subject of this lawsuit.

19.     All documents and tangible things pertaining to any acts or omissions by Plaintiff or any other person which you contend or have reason to believe contributed or were the sole cause, in any manner, of the incident the subject of this lawsuit.

20.     All employee handbooks, policies, or guidelines, and any other information provided to Defendant's employees, agents, or representatives as well as all contracts work orders and the jobsite pertaining to their employment and including but not limited to safety procedures and guidelines and injury prevention programs, for the subject jobsite.

21.     All pleadings, discovery, cause numbers, claim numbers, and any other documents contained therein, pertaining to claims or lawsuits against Defendant, during the years 2015-2020, inclusive, wherein anyone was alleging personal injuries as a result of an unsafe work procedures.

22.     All documents and tangible things pertaining to the date, location, synopsis of incident, injuries sustained, and/or names, addresses, and telephone numbers of persons alleged to have been injured in any similar incidents as that the subject of this lawsuit for the years 2015-2020.

23.     All records (medical or non-medical) concerning all employees on the jobsite using alcohol or drugs (including prescription or non-prescription, legal or illegal) at any time during work or after subject jobsite.

24.     All documents which Defendant contends to establish the date on which Defendant claims any privilege under Rule 166b(3), Texas Rules of Civil Procedure and Flores v. Fourth Court of Appeals, 777 S.W.2d 38 (Tex.1989) as modified in National Tank Company v. Brotherton, 851 S.W.2d 193 (Tex.1993).

25.   All documents which support your contention that any of Plaintiff's designated expert witnesses are unqualified or incompetent to render opinion testimony in this case based on the <u>Daubert</u> and <u>Robinson</u> decisions and their progeny.  If you are making no such contentions, then please so state.

26.   Copies of any and all DWC-81 or TWCC-81 forms entered into with Plaintiff's employer, it any.

27.   All safety meeting sign in sheets dealing with rooftop and/or scaffolding safety, fall protection instructions, training and/or instructions for the subject jobsite.

28.   All safety meeting documentation provided to employees and/or contractors for the subject jobsite.

29.   Any and all records obtained via DWQ.

30.   All communications between Defendant and Occupational Safety and Health Administration (OSHA) regarding the incident made the basis of this suit.

31.   All manuals, training materials, instruction manuals, safety meeting information or documentation, or any document or online training material provided to employees or contractors in regard to fall protection and training provided on the use of fall protection including but not limited to yoyos or rope grabs.

32.   All pictures or videos of the fall protection worn by Plaintiff at the time of his fall.

33.   All slides, contact sheets, photographs, videotapes, motion pictures, or electronic images of the Plaintiff and any fall protection he was wearing at the time of the incident.

34.   All communications between Defendant and any representative or employee for the company or companies that made or provided the fall protection Plaintiff was using to Defendant.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas  78232
Telephone:    (210) 490-7402
Telefacsimile:  (210) 490-8372
Email: scott@krwlawyers.com
Email: joshua@krwlawyers.com

BY:    /S/ JOSHUA S. HATLEY_____
       R. SCOTT WESTLUND

State Bar No. 00791906
JOSHUA S. HATLEY
State Bar No. 24083152

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been provided to

the following counsel of record:

SUNDT CONSTRUCTION, INC
Defendant
By and Through Its Registered Agent:
C T Corporation System
1999 Bryan Street, Ste. 900
Dallas Texas 75201

on this the 30th day of September 2020.

/S/ JOSHUA HATLEY
R. SCOTT WESTLUND
JOSHUA HATLEY

CAUSE NO. _____

| | | |
|---|---|---|
| MARCELINO VARGAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | ___ JUDICIAL DISTRICT |
| | § | |
| CML SECURITY, LLC, MEMCO, INC., | § | |
| SUNDT CONSTRUCTION, INC., AND | § | |
| W.G. YATES & SONS CONSTRUCTION CO. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S INTERROGATORIES NUMBERS 1-19 TO
## DEFENDANT SUNDT CONSTRUCTION, INC.

TO:     SUNDT CONSTRUCTION, INC.
        Defendant
        By and Through Its Registered Agent:
        C T Corporation System
        1999 Bryan Street, Ste. 900
        Dallas Texas 75201

    You are requested to answer the following Interrogatories separately, fully, in writing, and

under oath, pursuant to Rules 193 and 197, Texas Rules of Civil Procedure.  The answers are to be

signed and sworn to by the person making them and delivered to the undersigned attorney not less

than 30 days after service hereof.

                        Respectfully submitted,

                        KETTERMAN ROWLAND & WESTLUND
                        16500 San Pedro, Suite 302
                        San Antonio, Texas  78232
                        Telephone:     (210) 490-7402
                        Telefacsimile: (210) 490-8372
                        Email: scott@krwlawyers.com
                        Email: joshua@krwlawyers.com


                        BY:     /S/ JOSHUA S. HATLEY
                                R. SCOTT WESTLUND
                                State Bar No. 00791906
                                JOSHUA S. HATLEY
                                State Bar No. 24083152

                        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been provided to

the following counsel of record:

SUNDT CONSTRUCTION, INC.
Defendant
By and Through Its Registered Agent:
C T Corporation System
1999 Bryan Street, Ste. 900
Dallas Texas 75201

on this the 30th day of September 2020.

/S/ JOSHUA S. HATLEY
R. SCOTT WESTLUND
JOSHUA HATLEY

## PLAINTIFF'S INTERROGATORIES NUMBERS 1-19 TO DEFENDANT

1.  Identify the name, title or position, business address, business telephone number of the person answering these Interrogatories, and whether said person is the designated corporate representative for Defendant.

**ANSWER:**

2.  Was any employee ever suspended, terminated, placed on probation, reprimanded, or otherwise disciplined while employed by Defendant relating to the subject incident or any other safety violations regarding the subject project.

**ANSWER:**

3.  Please state, as fully and specifically as you can, how the incident which is the subject of this suit occurred, including the date, time, location, and persons present immediately before, during, or immediately after the incident.

**ANSWER:**

4.  Please state the name, business address, and business telephone number of the supervisor for the project on February 11, 2020 the incident the subject of this lawsuit.

**ANSWER:**

5.  Describe, in detail, any wrongs, including any arrests or convictions, acts, occurrences, opinion or reputation evidence, or other information which you are aware of, may or will offer into evidence as to the character or the credibility of any party, person with knowledge of relevant facts, and experts.

**ANSWER:**

6.  Describe in detail any incidents resulting in allegations of injuries or injuries which have been sustained by any person involved with the subject project:

    a.   Give the date when Defendant became aware of each such incident or injury.
    b.   Describe in detail any actions taken, including remedial or corrective acts, by Defendant with regard to each such incident or injury.

**ANSWER:**

7.  Describe any safety measures Defendant proposed or initiated to deter or prevent any injuries to all employees working the subject project.

**ANSWER:**

8.    Describe any meetings which have taken place between Defendant and anyone else regarding work place safety regarding the incident the subject of this lawsuit (including the names, addresses, and telephone numbers of persons present and the approximate dates the meetings took place).

**ANSWER:**

9.    Identify Defendant's employees, agents, or representatives, by name, address, and telephone number, who were responsible for workplace safety at the premises the subject of this lawsuit (including the names, addresses, and telephone numbers).

**ANSWER:**

10.    State whether or not Defendant has been named as a defendant in any other lawsuits for the years 2015-2020 which relate to any personal injuries or damages which are alleged to have been sustained by any person as a result of workplace incidents.  If yes, state the style, cause number, and jurisdiction of said lawsuit; the name, last known address, and telephone number of the attorneys representing any plaintiff and defendant in said lawsuit; and, the disposition of said lawsuit.

**ANSWER:**

11.    If you are contending that any acts or omissions of Plaintiff or anyone else contributed or were a cause of the incident made the basis of this lawsuit, please state specifically the person, each act or omission on which you are relying and how it allegedly contributed to or was the sole cause of the incident made the basis of this lawsuit.

**ANSWER:**

12.    Identify Defendant's employees, agents, or representatives, by name, address, and telephone number, who were present at or near the incident the subject of this lawsuit (including the names, addresses, and telephone numbers) at or near the time of the incident the subject of this lawsuit.

**ANSWER:**

13.    If you are contending that any non-human event or condition contributed or was the sole cause of the incident made the basis of this lawsuit, please state specifically each non-human event or condition on which you are relying and how it allegedly contributed to or was the sole cause of the incident made the basis of this lawsuit.

**ANSWER:**

14.    Do you contend that any of Plaintiff's designated testifying expert witnesses are unqualified or incompetent to render opinion testimony in this case based on the <u>Daubert</u> decision or its progeny?  If so, then please state in full and complete detail the basis for

such contentions.  If you are making no such contentions, then please so state.

**ANSWER:**

15.   Please indicate whether Defendants have any company policies dealing with the safety of
      visitors, invitees, employees, and any other persons including but not limited to the jobsite
      the subject of this lawsuit.  If so, please state the following:

      a.    what the policies are;
      b.    the date such policies came into effect;
      c.    whether such policy is in writing; and,
      d.    the name or identity of the written document containing such policies;

**ANSWER:**

16.   Please state completely and fully all representations, statements, declarations, or admissions
      made by Plaintiff before or after the incident relevant to this lawsuit.

**ANSWER:**

17.   Was it the regular course of business or standard procedure for Defendants to investigate
      any incident and including at the premises the subject of this lawsuit wherein somebody was
      injured or claiming they were injured?

**ANSWER:**

18.   Please indicate whether any incident report was written regarding this incident.

**ANSWER:**

19.   Please indicate the date upon which litigation was first anticipated by Defendants regarding
      the incident as described in Plaintiff's petition and include a description of the facts
      supporting that date.

**ANSWER:**

**THE STATE OF TEXAS**      *

**COUNTY OF** _____      *

       BEFORE ME, the undersigned authority, on this day personally appeared _____,

personally known to me to be the person whose name is subscribed to the foregoing instrument,

who, after being by me duly sworn did upon _____ oath depose and say:

       "My name is _____ . I have read the foregoing answers to

Interrogatories propounded by Plaintiff and state that the same are true and correct."


_____
Representative of Defendant, SUNDT
CONSTRUCTION, INC.
Print Name: _____

       SWORN TO AND SUBSCRIBED BEFORE ME by the said _____ on this

the _____ day of _____, 2020, to certify which witness my

hand and seal of office.


_____
NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

My commission expires:_____

CAUSE NO. _____

| | | |
|---|---|---|
| MARCELINO VARGAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | ___ JUDICIAL DISTRICT |
| | § | |
| CML SECURITY, LLC, MEMCO, INC., | § | |
| SUNDT CONSTRUCTION, INC., AND | § | |
| W.G. YATES & SONS CONSTRUCTION CO. | § | BEXAR COUNTY, TEXAS |

**PLAINTIFF'S REQUEST FOR PRODUCTION NUMBERS 1-29 TO
DEFENDANT W.G. YATES & SONS CONSTRUCTION CO.**

TO:   W.G. YATES & SONS CONSTRUCTION CO.
      Defendant
      By and Through Its Registered Agent:
      Corporation Service Company d/b/a
      CSC-Lawyers Incorporating Service Company
      211 E. 7th Street, Suite 620
      Austin, Texas 78701-3136

Plaintiff request that Defendant produce for discovery under Rule 192 and 196, Texas Rules
of Civil Procedure, the items specified below at the time, place, and for the purposes set out in those
paragraphs.

I.

DEFINITIONS AND INSTRUCTIONS

The use of the term "Defendant", unless otherwise indicated, shall specifically include the
named Defendant to whom these requests are addressed and all agents, employees, insurers,
representatives, and/or attorneys of the named entity to which these requests are addressed.

II.

The term "document" means any printed, typewritten, hand-written, computer generated,
electronically or magnetically made or otherwise recorded matter, of whatever character, and
including but not limited to papers, books, accounts, drawings, graphs, charts, photographs,
electronic recordings, videotape recordings, data, data compilations, letters, purchase orders,

memoranda, telegrams, notes, catalogs, diaries, reports, calendars, inter-office communications, statements, announcements, and any carbon or photographic copies of any such material if Defendant does not have custody or control of the original.

III.

Plaintiff request, if any information is in electronic or magnetic form only, that such information be identified in the current form it is in so that an informed decision can be made as to the simplest and easiest way to have the information produced.

IV.

Please state, if any document requested was but is no longer in Defendant's possession or control or is no longer in existence, the following:

a.    Missing or lost;

b.    Destroyed;

c.    Transferred voluntarily or involuntarily to others and if so, to whom; or

d.    Otherwise disposed of.

V.

You must, in each instance, explain the circumstances of the disposition thereof and contents of such documents.

VI.

The following documents are to be produced within thirty (30) days of the date of service at the law offices of Plaintiff's attorneys:

1.    All slides, contact sheets, photographs, videotapes, motion pictures, or electronic images of any underlying fact and including but not limited to any surveillance or security camera at or near the premises the subject of this lawsuit on the date of the incident and any surveillance of Plaintiff at any time.

2.    All slides, photographs, videotapes, motion pictures, or electronic images Defendant intends or may offer into evidence during the course of trial.

3.    Copies of all incident reports made regarding the incident the subject of this lawsuit.

4.    All medical records, medical reports, and medical bills in Defendant's actual or constructive possession concerning Plaintiff. This request seeks all records obtained by any means.

5.    All employment and payroll records in Defendant's actual or constructive possession concerning Plaintiff.

6.    All investigative documentation, reports, communications made and materials prepared by or on behalf of Defendant or Defendant's representatives (including Defendant's attorneys, consultants, sureties, indemnitors, insurers, employees or agents), as a result of the incident made the basis of this lawsuit.

7.    All policy manuals, training manuals, instructions, guidelines, directives, and memoranda concerning the safety of visitors, invitees, employees, and any other persons on the jobsite the subject of this lawsuit.

8.    Copies of any criminal records obtained pertaining to any person with knowledge of relevant facts, and experts.

9.    All claims histories pertaining to Plaintiff and including Southwest Index Bureau ("S.W.I.B." cards), Equifax, Experian, TransUnion, T.R.W., M.I.B., or other information or data exchange banks maintained by or for the insurance industry or of which Defendant or Defendant's carriers are members or contributors.

10.   Copies of all criminal records or documentation for which you intend or may use at trial in the impeachment of any witness for conviction of a crime.

11.   All drawings, maps, or sketches of the incident scene made the basis of this suit.

12.   Copies of all prior incident reports within the last five (5) years where any persons have alleged that they were injured relating to allegations of unsafe workplace procedures.

13.   Copies of all prior claim files within the last five (5) years where any persons have alleged that they were injured relating at the premises the subject of this lawsuit and made a bodily injury claim against Defendant.

14.   Any report or other written records pertaining to the investigation of this incident by any governmental agency or private organization relating to the occurrence in question.

15.   All contracts or agreements, <u>prior to</u> the incident made the basis of this suit, with any person or business entity regarding the issues of: (a) ownership of the premises; (b) management of

the premises; (c) maintenance of the premises; (d) safety of persons while on the premises; or (e) the payment of injury claims occurring on the premises the subject of this lawsuit.

16.     All contracts or agreements, made <u>after</u> the incident made the basis of this suit, with any person or business entity regarding the issues of: (a) ownership of the premises; (b) management of the premises; (c) maintenance of the premises; (d) safety of persons while on the premises; or (e) the payment of injury claims occurring on the premises the subject of this lawsuit.

17.     Any documentation that would reveal the name, last known address, and telephone number of employees, including ex-employees, that have worked for Defendant at the premises the subject of this lawsuit within the six months prior to the incident made the basis of this suit and the three months after the incident made the basis of this suit.

18.     All documents pertaining to any non-human condition or event which you believe or contend contributed or was the sole cause of the incident the subject of this lawsuit.

19.     All documents and tangible things pertaining to any acts or omissions by Plaintiff or any other person which you contend or have reason to believe contributed or were the sole cause, in any manner, of the incident the subject of this lawsuit.

20.     All employee handbooks, policies, or guidelines, and any other information provided to Defendant's employees, agents, or representatives as well as all contracts work orders and the jobsite pertaining to their employment and including but not limited to safety procedures and guidelines and injury prevention programs, for the subject jobsite.

21.     All pleadings, discovery, cause numbers, claim numbers, and any other documents contained therein, pertaining to claims or lawsuits against Defendant, during the years 2015-2020, inclusive, wherein anyone was alleging personal injuries as a result of an unsafe work procedures.

22.     All documents and tangible things pertaining to the date, location, synopsis of incident, injuries sustained, and/or names, addresses, and telephone numbers of persons alleged to have been injured in any similar incidents as that the subject of this lawsuit for the years 2015-2020.

23.     All records (medical or non-medical) concerning all employees on the jobsite using alcohol or drugs (including prescription or non-prescription, legal or illegal) at any time during work or after subject jobsite.

24.     All documents which Defendant contends to establish the date on which Defendant claims any privilege under Rule 166b(3), Texas Rules of Civil Procedure and Flores v. Fourth Court of Appeals, 777 S.W.2d 38 (Tex.1989) as modified in National Tank Company v. Brotherton, 851 S.W.2d 193 (Tex.1993).

25.   All documents which support your contention that any of Plaintiff's designated expert witnesses are unqualified or incompetent to render opinion testimony in this case based on the Daubert and Robinson decisions and their progeny.  If you are making no such contentions, then please so state.

26.   Copies of any and all DWC-81 or TWCC-81 forms entered into with Plaintiff's employer, it any.

27.   All safety meeting sign in sheets dealing with rooftop and/or scaffolding safety, fall protection instructions, training and/or instructions for the subject jobsite.

28.   All safety meeting documentation provided to employees and/or contractors for the subject jobsite.

29.   Any and all records obtained via DWQ.

30.   All communications between Defendant and Occupational Safety and Health Administration (OSHA) regarding the incident made the basis of this suit.

31.   All manuals, training materials, instruction manuals, safety meeting information or documentation, or any document or online training material provided to employees or contractors in regard to fall protection and training provided on the use of fall protection including but not limited to yoyos or rope grabs.

32.   All pictures or videos of the fall protection worn by Plaintiff at the time of his fall.

33.   All slides, contact sheets, photographs, videotapes, motion pictures, or electronic images of the Plaintiff and any fall protection he was wearing at the time of the incident.

34.   All communications between Defendant and any representative or employee for the company or companies that made or provided the fall protection Plaintiff was using to Defendant.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:     (210) 490-7402
Telefacsimile: (210) 490-8372
Email: scott@krwlawyers.com
Email: joshua@krwlawyers.com


BY:    /S/ JOSHUA S. HATLEY_____
       R. SCOTT WESTLUND

State Bar No. 00791906
JOSHUA S. HATLEY
State Bar No. 24083152

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been provided to

the following counsel of record:

W.G. YATES & SONS CONSTRUCTION CO.
Defendant
By and Through Its Registered Agent:
Corporation Service Company d/b/a
CSC-Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, Texas 78701-3136

on this the 30th day of September 2020.

*/S/ JOSHUA HATLEY*
R. SCOTT WESTLUND
JOSHUA HATLEY

CAUSE NO. _____

| | | |
|---|---|---|
| MARCELINO VARGAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | ___ JUDICIAL DISTRICT |
| | § | |
| CML SECURITY, LLC, MEMCO, INC., | § | |
| SUNDT CONSTRUCTION, INC., AND | § | |
| W.G. YATES & SONS CONSTRUCTION CO. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S INTERROGATORIES NUMBERS 1-19 TO
## DEFENDANT W.G. YATES & SONS CONSTRUCTION CO.

TO:   W.G. YATES & SONS CONSTRUCTION CO.
      Defendant
      By and Through Its Registered Agent:
      Corporation Service Company d/b/a
      CSC-Lawyers Incorporating Service Company
      211 E. 7th Street, Suite 620
      Austin, Texas 78701-3136

        You are requested to answer the following Interrogatories separately, fully, in writing, and

under oath, pursuant to Rules 193 and 197, Texas Rules of Civil Procedure. The answers are to be

signed and sworn to by the person making them and delivered to the undersigned attorney not less

than 30 days after service hereof.

                        Respectfully submitted,

                        KETTERMAN ROWLAND & WESTLUND
                        16500 San Pedro, Suite 302
                        San Antonio, Texas  78232
                        Telephone:    (210) 490-7402
                        Telefacsimile: (210) 490-8372
                        Email: scott@krwlawyers.com
                        Email: joshua@krwlawyers.com


                        BY:   /S/ JOSHUA S. HATLEY
                              R. SCOTT WESTLUND
                              State Bar No. 00791906
                              JOSHUA S. HATLEY
                              State Bar No. 24083152

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing has been provided to

the following counsel of record:

      W.G. YATES & SONS CONSTRUCTION CO.
      Defendant
      By and Through Its Registered Agent:
      Corporation Service Company d/b/a
      CSC-Lawyers Incorporating Service Company
      211 E. 7th Street, Suite 620
      Austin, Texas 78701-3136

on this the 30th day of September 2020.

                                   */S/ JOSHUA S. HATLEY*
                                   R. SCOTT WESTLUND
                                   JOSHUA HATLEY

## PLAINTIFF'S INTERROGATORIES NUMBERS 1-19 TO DEFENDANT

1.  Identify the name, title or position, business address, business telephone number of the person answering these Interrogatories, and whether said person is the designated corporate representative for Defendant.

**ANSWER:**

2.  Was any employee ever suspended, terminated, placed on probation, reprimanded, or otherwise disciplined while employed by Defendant relating to the subject incident or any other safety violations regarding the subject project.

**ANSWER:**

3.  Please state, as fully and specifically as you can, how the incident which is the subject of this suit occurred, including the date, time, location, and persons present immediately before, during, or immediately after the incident.

**ANSWER:**

4.  Please state the name, business address, and business telephone number of the supervisor for the project on February 11, 2020 the incident the subject of this lawsuit.

**ANSWER:**

5.  Describe, in detail, any wrongs, including any arrests or convictions, acts, occurrences, opinion or reputation evidence, or other information which you are aware of, may or will offer into evidence as to the character or the credibility of any party, person with knowledge of relevant facts, and experts.

**ANSWER:**

6.  Describe in detail any incidents resulting in allegations of injuries or injuries which have been sustained by any person involved with the subject project:

    a.   Give the date when Defendant became aware of each such incident or injury.
    b.   Describe in detail any actions taken, including remedial or corrective acts, by Defendant with regard to each such incident or injury.

**ANSWER:**

7.  Describe any safety measures Defendant proposed or initiated to deter or prevent any injuries to all employees working the subject project.

**ANSWER:**

8.   Describe any meetings which have taken place between Defendant and anyone else regarding work place safety regarding the incident the subject of this lawsuit (including the names, addresses, and telephone numbers of persons present and the approximate dates the meetings took place).

**ANSWER:**

9.   Identify Defendant's employees, agents, or representatives, by name, address, and telephone number, who were responsible for workplace safety at the premises the subject of this lawsuit (including the names, addresses, and telephone numbers).

**ANSWER:**

10.  State whether or not Defendant has been named as a defendant in any other lawsuits for the years 2015-2020 which relate to any personal injuries or damages which are alleged to have been sustained by any person as a result of workplace incidents.  If yes, state the style, cause number, and jurisdiction of said lawsuit; the name, last known address, and telephone number of the attorneys representing any plaintiff and defendant in said lawsuit; and, the disposition of said lawsuit.

**ANSWER:**

11.  If you are contending that any acts or omissions of Plaintiff or anyone else contributed or were a cause of the incident made the basis of this lawsuit, please state specifically the person, each act or omission on which you are relying and how it allegedly contributed to or was the sole cause of the incident made the basis of this lawsuit.

**ANSWER:**

12.  Identify Defendant's employees, agents, or representatives, by name, address, and telephone number, who were present at or near the incident the subject of this lawsuit (including the names, addresses, and telephone numbers) at or near the time of the incident the subject of this lawsuit.

**ANSWER:**

13.  If you are contending that any non-human event or condition contributed or was the sole cause of the incident made the basis of this lawsuit, please state specifically each non-human event or condition on which you are relying and how it allegedly contributed to or was the sole cause of the incident made the basis of this lawsuit.

**ANSWER:**

14.  Do you contend that any of Plaintiff's designated testifying expert witnesses are unqualified or incompetent to render opinion testimony in this case based on the Daubert decision or its progeny?  If so, then please state in full and complete detail the basis for

such contentions.  If you are making no such contentions, then please so state.

**ANSWER:**

15.    Please indicate whether Defendants have any company policies dealing with the safety of visitors, invitees, employees, and any other persons including but not limited to the jobsite the subject of this lawsuit.  If so, please state the following:

    a.    what the policies are;
    b.    the date such policies came into effect;
    c.    whether such policy is in writing; and,
    d.    the name or identity of the written document containing such policies;

**ANSWER:**

16.    Please state completely and fully all representations, statements, declarations, or admissions made by Plaintiff before or after the incident relevant to this lawsuit.

**ANSWER:**

17.    Was it the regular course of business or standard procedure for Defendants to investigate any incident and including at the premises the subject of this lawsuit wherein somebody was injured or claiming they were injured?

**ANSWER:**

18.    Please indicate whether any incident report was written regarding this incident.

**ANSWER:**

19.    Please indicate the date upon which litigation was first anticipated by Defendants regarding the incident as described in Plaintiff's petition and include a description of the facts supporting that date.

**ANSWER:**

**THE STATE OF TEXAS**                    *

**COUNTY OF** _____            *


BEFORE ME, the undersigned authority, on this day personally appeared _____, _____

personally known to me to be the person whose name is subscribed to the foregoing instrument,

who, after being by me duly sworn did upon _____ oath depose and say:

"My name is _____.  I have read the foregoing answers to

Interrogatories propounded by Plaintiff and state that the same are true and correct."

_____
Representative of Defendant, W.G. YATES
& SONS CONSTRUCTION CO.
Print Name: _____


SWORN TO AND SUBSCRIBED BEFORE ME by the said _____ on this

the _____ day of _____, 2020, to certify which witness my

hand and seal of office.

_____
NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

My commission expires:_____